### PEOPLE v. WILLIAMS.

CRIMINAL LAW—WITNESSES—CROSS-EXAMINATION—RELATIONSHIP OF WITNESS TO DEFENDANT.

    Trial court's refusal of defendant's motion for mistrial after elicitation by prosecutor, during cross-examination of a defense witness, of information that defendant charged with robbery armed was the father of the witness's illegitimate child *held*, not an abuse of discretion or sufficient to support a claim of reversible error, because the relationship of the witness and defendant is relevant to the weight and credibility to be afforded her testimony.

Appeal from Genesee, Freeman (Donald R.), J. Submitted Division 2 October 9, 1968, at Lansing. (Docket No. 3,818.) Decided October 21, 1968.

Eddie Williams was convicted of robbery armed. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler,* Assistant Prosecuting Attorney, for the people.

*William Goldberg,* for defendant on appeal.

PER CURIAM. Defendant's jury trial on a charge of armed robbery resulted in his conviction. On appeal, defendant requests that his conviction be

REFERENCE FOR POINTS IN HEADNOTE
58 Am Jur, Witnesses § 706.

set aside and a new trial ordered. During cross-examination of defendant's alibi witness, the witness testified that defendant was the father of her illegitimate child. Defendant objected and moved for a mistrial, which motion was denied.

The relationship of a witness with a defendant is relevant and pertinent to the weight and credibility to be afforded the testimony of the witness. The fact that the relationship reflects unfavorably on defendant is not sufficient basis for us to say the trial judge abused his discretion in denying the motion for new trial, nor does it support defendant's claim of reversible error. *People* v. *MacCullough* (1937), 281 Mich 15.

Affirmed.

QUINN, P. J., and HOLBROOK and VANDER WAL, JJ., concurred.